| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| CRAIG DOUGLAS ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>CITRUS HEIGHTS POLICE DEPT., et al.,<br><br>Defendants. | No. 2:20–cv–1853–JAM–KJN PS<br><br><u>ORDER</u><br><br>(ECF No. 9) |

Previously, the undersigned recommended plaintiff's IFP application be denied, but that plaintiff be allowed to pay the filing fee in installments. (ECF No. 3.) The district court adopted these recommendations, and ordered that once the filing fee was satisfied, service on defendants could proceed. (ECF No. 4.) Plaintiff has satisfied the $400 filing fee, and so the case may proceed to the service-of-process phase.

Further, the court is in receipt of plaintiff's motion to seal. (ECF No. 9.) Requests to seal documents in this district are governed by Local Rule 141. In brief, the rule provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. Local Rule 141(a). However, a mere request to seal is not enough. Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing ..." E.D. Local Rule 141(b). The court starts "'with a strong presumption in favor of access to court records,'" <u>Center for Auto Safety v. Chrysler Group, LLC</u>, 809 F.3d

1

1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir.1995)). A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)). Here, plaintiff makes no such showing, and so his request is denied.

**ORDER**

It is HEREBY ORDERED that:

1. The clerk of the court shall issue the appropriate scheduling order, service documents, and documents related to consent to magistrate judge jurisdiction;
2. Plaintiff shall effectuate service on defendants, as directed by the scheduling order and Federal Rule of Civil Procedure 4; and
3. Plaintiff's motion to seal is DENIED.

Dated: May 5, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

alle.1853