UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG DOUGLAS ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>CITRUS HEIGHTS POLICE DEPT., et al.,<br><br>Defendants. | No. 2:20–cv–1853–JAM–KJN PS<br><br>ORDER ON DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT<br><br>(ECF Nos. 13, 17.) |

Plaintiff filed a complaint and paid the filing fee. (ECF Nos. 1, 10, 11.) Defendant Citrus Heights Police Department filed a motion for a more definite statement under Rule 12(e);[1] plaintiff opposed and requested early discovery. (ECF Nos. 13, 15, 17.)

Defendant's Rule 12(e) motion is GRANTED,[2] and Citrus Heights has 14 days to provide a substantive response to the discovery request.

---

[1] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

[2] This matter was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). Under 28 U.S.C. Section 636(b)(1)(A) and Federal Rule of Civil Procedure 72, magistrate judges are granted authority to issue orders on "non-dispositive" matters. A motion for a more definite statement under Rule 12(e) is one such motion, as it does not dispose of any claim made by plaintiff. See, e.g., O'Callaghan v. City of Portland, 2019 WL 8226176, *2 (D. Or. Sept. 24, 2019) (finding no consent necessary for magistrate judge to rule on Rule 12(e) motion) (citing Cheshire v. Bank of Am., NA, 351 F. App'x 386, 388 (11th Cir. 2009)); Simon v. Henning, 2015 WL 13763781 *1 (C.D. Cal. May 7, 2015) (noting then-district judge Tashima's description of motions for more definite statement as within the magistrate judge's Section 636 authority).

1

**Legal Standards – Motion for a More Definite Statement**

Rule 12(e) allows a party to move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague, ambiguous, or indefinite that the party cannot reasonably prepare a response.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("[If a] pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005) (Rule 12(e) motions attack "the unintelligibility of the complaint, not simply the mere lack of detail, and is only proper when a [responding] party is unable to determine how to frame a response to the issues raised by the complaint").  A Rule 12(e) motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

The court considers a Rule 12(e) motion in light of the liberal pleading standard set forth in Rule 8, which requires a complaint be:  "(1) a short and plain statement of the grounds for the court's jurisdiction[;] (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996); see also Swierkiewicz, 534 U.S. at 514 ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").  Where a party understands the substance of the claim asserted, or can obtain the details through discovery, the motion need not be granted.  Griffin v. Cedar Fair, L.P., 817 F. Supp. 2d 1152, 1156 (N.D. Cal. 2011); see also Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999) ("Motions for a more definite statement are viewed with disfavor, and are rarely granted.").  However, the court may, in its discretion "require such detail as may be appropriate in the particular case."  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (noting how confusing and unclear complaints impose unfair burdens on litigants and judges); see also Rule 8(d)(1) (requiring each allegation in a complaint be "simple, concise, and direct").  "If the court orders a more definite statement and the order is not obeyed . . . within the time the court sets, the court may strike the pleading or issue any other appropriate order."  Rule 12(e).

**Analysis – Motion for a More Definite Statement**

Defendant Citrus Heights contends plaintiff's complaint is not simple, concise, or direct. Defendant argues the complaint fails to inform just what are plaintiff's claims, what legal theories underlie each claim, and which defendant is being sued for each such claim. Further, defendant notes the lack of any headers or numbered paragraphs, and an isolated addendum adds further confusion to the pleadings. Thus, defendant contends it is "excessively difficult to formulate proper defenses." (ECF No. 13, citing McHenry, 84 F. 3d at 1177.)

A review of plaintiff's complaint puts the court in agreement with defendant. The court notes plaintiff lists the terms "conspiracy," violations of his civil rights, including his "political speech" and an invasion of plaintiff's home, as well as 18 U.S.C. Sections 241 and 242, false imprisonment, "invalid use of authority," "conspiracy to violate civil rights," 42 U.S.C. Section 1983, "Felony Stalking," "Grave Indifference," "Defamation," and "Conspiracy to Defame." (ECF No. 1 at 1-4.) However, plaintiff then simply lists a number of encounters between he and unnamed officers of the Citrus Heights police department, online and in-person encounters between he and defendant Jacobs, and "Media Lab's involvement in these crimes[.]" (See, generally, id.) Plaintiff does not attempt to connect any of the asserted claims to any defendant. Plaintiff claims stress and other medical issues, says he has $200,000 in medical bills, and seeks punitive damages against all defendants. (Id. at 7-8.) However, the remainder of the text is a rambling narrative about plaintiff's personal accomplishments, his perspective on how social media works, how he spends his time online, and his beliefs about the value of defendants' operating budgets. (See id. at 1-8.) Attached to the complaint is an unconnected addendum and scans of social media postings from unnamed sources. (See Id. at 9-32.)

The court sees that plaintiff is attempting to provide some context to his claims, but his failure to plead in simple, concise, and direct terms leaves the court and defendants unclear as to what claims plaintiff is attempting to plead against whom. Thus, the court grants defendant's motion under Rule 12(e), and provides plaintiff with pleading standards below in order to guide him in filing an amended complaint. Rule 8; Swierkiewicz, 534 U.S. at 514; McHenry, 84 F.3d at 1179; cf. also, e.g., O'Brien v. HII Ins. Solutions, 2021 WL 1060398, *7 (E.D. Cal. 2021) ("These

1 allegations give the defendants almost no information that could permit them to respond to the
2 complaint or prepare a defense. They permit no reasonable inference of the defendants'
3 liability."); Flores v. City of California City, 2019 WL 1934016, *6 (E.D. Cal. 2019) ("While the
4 [] second and third causes of action refer to various defendants, the [complaint] fails to state who
5 these causes of actions are asserted against with sufficient specificity."); Isgar v. City of
6 Bakersfield, 2018 WL 4944871, *8 (E.D. Cal. 2018) ("This is not a situation where a defendant is
7 attempting to force a plaintiff to provide more details[, but] where the cause of action itself is
8 unclear); with, e.g., Deloney v. County of Fresno, 2019 WL 1875588, *10 (E.D. Cal. 2019)
9 (denying motion for more definite statement where the court found enough detail in the complaint
10 for defendants to respond to plaintiff's Section 1983 claims); Corrections USA v. Dawe, 504
11 F.Supp.2d 924, 938 (E.D. Cal. 2018) (denying motion for more definite statement where the
12 factual allegations of the complaint were relatively straight forward and could be narrowed and
13 refined through discovery); Huynh v. Northbay Medical Center, 2018 WL 4583393, *5-6 (E.D.
14 Cal. 2018) (denying motion for more definite statement where complaint set forth facts detailing
15 claims of harassment and discrimination, and acts of defendants were easy to discern).

16 In light of plaintiff's pro se status and this being the first challenge to the pleadings, it is
17 appropriate to grant plaintiff an opportunity to amend. See Lopez, 203 F.3d at 1130-31
18 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint
19 and provide an opportunity to cure—if it appears at all possible the defects can be corrected).[3]

20 Further, because plaintiff lists a few sources of law in his initial complaint, the court
21 provides the following points of law, so that if plaintiff chooses to file any such claims, he can
22 hone his pleadings appropriately.

---

[3] The court notes that defendants Media Lab and Jacobs appear not to have been served. Plaintiff is reminded of his obligations to serve these defendants under Rule 4, and specifically of the time limits imposed therein. See Rule 4(m) (requiring service of the complaint within 90 days, and noting that without service, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").
  Should plaintiff choose to include these defendants in the first amended complaint, he shall have 30 days from the day he files the new complaint to serve these defendants. If plaintiff fails to serve them by the deadline, the court will dismiss them both from the case pursuant to its authority under Rule 4(m).

- To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). An officer "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012). The causation inquiry "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer, 844 F.2d at 633.
- Section 1983 claims against entities are only viable "for injuries that arise from an official policy or longstanding custom." See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).
- Private citizens have no authority to bring claims under criminal statutes, such as those in Title 18 of the U.S. Code. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

**Plaintiff's Motion for Early Discovery**

Alongside his opposition to the Rule 12(e) motion, plaintiff filed a motion for early discovery. (ECF No. 17.) Plaintiff is seeking an unredacted copy of the police report on which a related encounter is based. Plaintiff asserted the copy he was provided by the department, prior to filing his case, was completely redacted.

The court discussed the issue with the parties at the hearing, and ordered defense counsel to investigate the issue and provide a substantive response to plaintiff's motion. Counsel has 14 days to respond, removing redactions on portions of the report that can be divulged, and providing the bases for any redactions made. Counsel shall also supply the court with a copy of whatever redacted report is ultimately provided to plaintiff.

**STANDARDS FOR AMENDMENT**

If plaintiff elects to file an amended complaint, this new pleading shall:

- Be captioned "First Amended Complaint," Be limited to 15 pages, font size of 12 Times New Roman or equivalent, double spaced (*pages exceeding the 15-page limit will be summarily stricken and will not be considered part of the pleading*);
- Using numbered paragraphs, set forth his various claims in separate sections, clearly identify which defendants are allegedly at fault for each claim, and under each section, list the factual allegations supporting that particular claim. For brevity, plaintiff may refer to specific prior paragraphs, but in no case shall he incorporate all preceding paragraphs for any claims. For example:

> Claim I for _____ against Defendant X
>
> 42. Defendant X did \_\_\_.
>
> 43. These acts harmed plaintiff by \_\_\_.
>
> (etc.)
>
> Claim II for _____ against Defendants X, Y, and Z
>
> 44. Defendant X did \_\_\_. Defendant Y did \_\_\_. Defendant Z did \_\_\_.
>
> 45. For harm because of these acts, see par. 43.
>
> (etc.)

See Rule 10(b); see also Local Rule 130(c)-(d). Plaintiff should include a brief general background facts section to orient the parties and court only as necessary, and should include his statements for jurisdiction, venue, and relief sought as is necessary. Plaintiff shall omit exhibits, documents, photos, or other such "evidence" of his claims, and shall refrain from alleging redundant, immaterial, impertinent, or scandalous matters. See Rule 12(f). Plaintiff's amended complaint must otherwise conform to the requirements of the Federal Rules of Civil Procedure and the court's Local Rules. Any amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and so once the amended complaint is

filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Such a filing should be made within 28 days of this order.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for a more definite statement (ECF No. 13) is GRANTED;
2. Plaintiff shall have until August 26, 2021 to file an amended complaint, following the pleading standards and court's findings above;
3. Defendant Citrus Heights has 14 days from the date of this order to submit a substantive response to plaintiff's motion for discovery; and
4. The status conference set for October 7, 2021 before the undersigned (see ECF No. 12) is VACATED.

Dated: July 30, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

alle.1853

7